WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Abeyta, | No. CV-21-00331-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States Postal Service, | |
| Defendant. | |

On August 20, 2021, Plaintiff Danny Abeyta filed a Complaint against the United States Postal Service (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court has reviewed Plaintiff's Application and finds good cause for granting it. The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed In Forma Pauperis**

The Court may authorize the commencement and prosecution of a civil action "without prepayment of fees or security therefor" if the plaintiff submits an affidavit including a statement of all assets. 28 U.S.C. § 1915(a)(1). In proceedings in forma pauperis, officers of the court "shall issue and serve all process." 28 U.S.C. § 1915(d); *see also* Fed. R. Civ. P. 4(c)(3).

Plaintiff's Application for Leave to Proceed In Forma Pauperis indicates that he receives income from Social Security and a monthly retirement pension. (Doc. 2.) His

total monthly income from these two sources is $1,929.97. (*Id.*) The Application indicates that his total monthly expenses are $1,617 and that he has no checking or savings account. (*Id.*) Plaintiff's Application for Leave to Proceed In Forma Pauperis will be granted.

## II. Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an *in forma pauperis* complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam). Therefore, the Court possesses authority to screen Plaintiff's Complaint, although this is not a prisoner action.

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely

explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

**III.    The Complaint Fails to Allege Jurisdiction**

The Complaint lists Plaintiff's address as located in Safford, Arizona and lists the Defendant United States Postal Service's address as located in St. Louis, Missouri. (Doc. 1.) Plaintiff alleges that he was injured at the Safford United States Post Office on November 12, 2016, and he seeks $15,000 in damages. (*Id.*) Plaintiff does not state the basis for this Court's jurisdiction, nor does he list any specific statutes at issue in this case. (*Id.*)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1332(a)(1) federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." The party invoking federal jurisdiction bears the burden of establishing such jurisdiction. *Kearns v. Ford Motor Co.*, No. CV-05-5644-GAF(JTLX), 2005 WL 3967998, at *5 (C.D. Cal. Nov. 21, 2005) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446,

448 (7th Cir. 2005)).

Because Plaintiff has failed to identify any federal law giving rise to federal-question jurisdiction[1] and has not alleged facts supporting the exercise of diversity jurisdiction, the Court will dismiss the Complaint with leave to amend. Plaintiff is warned that this case may be dismissed if he fails to file a timely amended complaint curing the deficiencies addressed herein.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed with leave to amend**. Plaintiff shall file an Amended Complaint within **forty-five (45) days** of the date this Order is filed. If Plaintiff fails to file an Amended Complaint within forty-five (45) days, the Clerk of Court shall enter a judgment of dismissal of this action without prejudice.

Dated this 14th day of September, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[1] The Court notes that the Federal Tort Claims Act ("FTCA") waives the United States' sovereign immunity from suit for property injury or loss, or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the United States Government "while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Claims under the FTCA may only be brought against the United States. 28 U.S.C. §§ 1346(b)(1), 2679(a).