**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Danny Abeyta, | No. CV-21-00331-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| United States Postal Service, | |
| Defendant. | |

On September 14, 2021, the Court issued an Order dismissing Plaintiff's Complaint with leave to amend because the Complaint failed to state a basis for federal jurisdiction. (Doc. 5.) On October 29, 2021, Plaintiff filed a First Amended Complaint ("FAC"). (Doc. 6.) On November 10, 2021, the Court issued an Order dismissing Plaintiff's FAC with leave to amend because the FAC failed to properly state a claim pursuant to the Federal Tort Claims Act ("FTCA"). (Doc. 7.) On March 1, 2022, Plaintiff filed a Second Amended Complaint ("SAC"). (Doc. 8.) The Court will now dismiss the SAC without leave to amend.

## I.     Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C.

§ 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id*. (internal quotation omitted). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

. . . .

. . . .

- 2 -

## II.      Plaintiff's Second Amended Complaint

In his one-count SAC, Plaintiff sues the United States Postal Service, alleging that he was injured at the United States Post Office in Safford, Arizona when a broken door hit his hand. (Doc. 8 at 6.) As a result of his injuries, he is seeking $25,000 in damages. (*Id*. at 6-7.) Plaintiff alleges federal question jurisdiction pursuant to the FTCA, 28 U.S.C. §§ 2671-2680. (*Id*. at 3.)

As the Court previously stated in its Order dismissing Plaintiff's FAC (Doc. 7), the United States is the only proper defendant in an action brought pursuant to the FTCA. 28 U.S.C. §§ 1346(b)(1), 2679(a)-(b); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984).  "Individual agencies of the United States may not be sued." *Allen*, 749 F.2d at 1388. Thus, because Plaintiff has not sued the United States, the Court will dismiss the SAC.

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal."  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. Specifically, Plaintiff failed to address or correct the exact error that was the basis for dismissal of his FAC. Therefore, the Court finds that further opportunities to amend would be futile and, in its discretion, will dismiss Plaintiff's SAC without leave to amend.

Accordingly,

**IT IS ORDERED** that the Second Amended Complaint (Doc. 8) is **dismissed without leave to amend** for failure to state a claim.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that the above-captioned action is **dismissed without prejudice**. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 17th day of March, 2022.

_____
Honorable Rosemary Márquez
United States District Judge